**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


CARLOS FRANCO,                    :
                                  :    Civil Action No. 05-5077 (RBK)
          Petitioner,             :
                                  :
     v.                           :         O P I N I O N
                                  :
BUREAU OF PRISONS,                :
                                  :
          Respondent.             :
```

**APPEARANCES:**

Petitioner pro se
Carlos Franco
#99006-012
FCI Fort Dix
P.O. Box 7000, Unit 5852W
Fort Dix, NJ 08640

**KUGLER**, District Judge

This matter is presently before the Court upon the submission by Petitioner Carlos Franco, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, of a Petition for Writ of Mandamus, seeking to compel the Bureau of Prisons to "comply with their policy of housing movant within 500 miles radius from his legal residence and family."

At this time, the Court must review the Petition pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. See, e.g., In re Nagy, 89 F.3d 115, 116 (2d Cir. 1996) (PLRA

applies to mandamus petitions that seek relief analogous to civil rights complaints). For the reasons set forth below, the Court concludes that dismissal of the Petition is warranted.

## BACKGROUND

The following factual allegations are taken from the Petition and are accepted as true for purposes of this review.

In May 1993, in the United States District Court for the Central District of California, Petitioner pled guilty to drug charges and was sentenced to 240 months imprisonment, pursuant to which he is presently incarcerated.

On or about April of 2005, Petitioner requested the Bureau of Prisons ("BOP") to transfer him back to the state of California where his family lives. Petitioner argues that BOP policy requires inmates to be housed within 500 miles radius from their legal residence.

Petitioner's request for a transfer was denied because he is an alien and has been given a Public Safety Factor ("PSF") score. Petitioner argues that the alien classification should not prevent him from being transferred. He states that the BOP's policy of housing inmates within 500 miles of their legal residence should apply equally to all inmates, without regard to nationality. Petitioner asks this Court to issue a writ of mandamus directing the Respondent to transfer him.

**DISCUSSION**

**A.    Standard of Review**

Pursuant to the requirements embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and 42 U.S.C. § 1915A, this Court must dismiss, at the earliest practicable time, any claims that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the Petitioner.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se Petitioner's "bald assertions" or "legal conclusions."  Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

B.      **Plaintiff's Complaint Will Be Dismissed.**

Pursuant to 28 U.S.C. § 1361, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus, however, is an extraordinary remedy. See Heckler v. Ringer, 466 U.S. 602, 616 (1984). Certain conditions must be met before mandamus relief is granted. "Among these are that the party seeking issuance of the writ have no other adequate means to attain the relief he desires, and that he satisfy 'the burden of showing that (his) right to issuance of the writ is clear and indisputable.'" Kerr v. United States District Court, 426 U.S. 394, 403 (1976) (citations omitted). Thus, mandamus is available to Petitioner here only if he shows that he has a clear right to the relief sought, that the Respondent has a clear duty to perform, and that no other adequate remedy is available.

In this case, Petitioner argues that he should be transferred to California, within 500 miles of his residence, pursuant to BOP Policy. The Policy Statement cited by Petitioner states, in relevant part:

> . . . Redesignation of an inmate should generally result in a move closer to an inmate's release destination, consistent with the inmate's security level. . . .
>
> . . . A "nearer to release" transfer should be incorporated with "lesser security" transfers whenever possible. Once the inmate has been transferred within

> 500 miles of his or her release residence, no further referrals should be made as a "nearer to release" transfer consideration.
>
> Ordinarily, inmates with an Order for Deportation, an Order of Removal, or an INS Detainer will not be transferred for nearer release purposes.  This includes inmates with detainers for INS hearings as well.  This limitation is intended to ensure that nearer release transfers are ordinarily granted only to those inmates who will be returning to the community within, rather than outside, the United States upon release.

BOP Program Statement 5100.07, Chapter 10, page 4.

It is well-established that a prisoner has no constitutionally-protected liberty interest under the Due Process Clause in being confined to a particular institution, see Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983).  Additionally, a petitioner has no right to a particular placement or security classification.  See id. at 245; see also Meachum v. Fano, 427 U.S. 215, 225, reh'g denied, 429 U.S. 873 (1976)(noting that Due Process Clause does not protect prisoner against transfer).  The decision to transfer an inmate between prisons rests solely with prison officials.  See id.; see also 18 U.S.C. § 3621(b).  An inmate has no right to be confined in any particular prison, or to be transferred to a particular prison.  See id.; see also Young v. Quinlan, 960 F.2d 351, 358 n.16 (3d Cir. 1992); Flanagan v. Shively, 783 F. Supp. 922 (M.D. Pa.), aff'd 980 F.2d 722 (3d Cir. 1992).  See also Cardenas v. Wigen, 921 F. Supp. 286, 291-292 (E.D. Pa. 1996)(stating that: "Pursuant to 18 U.S.C. § 3621(b), the Bureau of Prisons has the power to direct the

5

confinement of federal prisoners 'in any available facility and may transfer a prisoner from one facility to another at any time,'" even if the transfer "results in his being placed in a more restrictive or less accessible facility.").

Because Petitioner "has no liberty interest or other constitutionally-protected interest in obtaining a transfer to a particular facility, he does not state a claim for habeas relief where he alleges that prison officials, contrary to Program Statement 5100.07, denied him a transfer to a federal prison closer to his home." Antonelli v. Sanders, 2006 WL 667964 (E.D. Ark. Mar. 15, 2006)(slip copy)(citing Cruz v. Barada, 2006 WL 276938 (E.D. Ky. Feb. 3, 2006)(slip copy))(other citations omitted). Thus, Petitioner cannot establish any deprivation of his liberty interests under the Due Process Clause.

Also, the BOP policy to ordinarily not transfer persons who are subject to an immigration detainer so that they are nearer to their release residence does not violate the Equal Protection Clause. The BOP classifies prisoners as those who are subject to custodial considerations (including those who have detainers lodged against them) and those who are not, not on the basis of alienage. See McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir. 1999), cert. denied, 528 U.S. 1086 (2000). Accordingly, "the Equal Protection Clause requires only that the

classification rationally further a legitimate state interest." See Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).

In Nunez v. Chandler, 119 F. Supp.2d 677 (E.D. Ky. 2000), the court considered whether the plaintiff, a Mariel Cuban detainee, was denied equal protection under the Fifth Amendment when the BOP denied his transfer request partly because nearer release transfers are ordinarily granted only to inmates who will be released into the United States.  The government argued that the policy regarding transfers had rational bases because "earlier transfers are neither cost-effective nor administratively prudent; transport of prisoners involves attendant risks to personnel; and to grant such transfers would be contrary to the public interest because they would interfere with the current, orderly operation of the BOP and they would deluge the southeastern facilities."  Nunez, 119 F. Supp.2d at 680.  The court found that the BOP's decision to deny transfer "was consistent with their policy and that their policy is clearly rationally related to legitimate governmental interests." Id. at 682.

Here, the Court finds that Petitioner has not established that he has a right to be transferred to a facility nearer to his home in order to afford him the mandamus relief he seeks.  Nor does the BOP policy violate the Equal Protection Clause, as it is

7

rationally related to a governmental interest.  Therefore, the instant Petition will be dismissed.

## **CONCLUSION**

For the reasons set forth above, the Petition must be dismissed.  It does not appear that Petitioner could cure the defects in the Petition by amendment.  An appropriate order follows.

S/Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge

Dated: April 28, 2006